<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIA J RODRIGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> LOUIS DEJOY, *et al.*, <br><br> Defendants. | Civil Action No. 23-3736 (SDW) (ESK) <br><br> **WHEREAS OPINION** <br><br> March 14, 2024 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendants Louis DeJoy ("DeJoy") and United States Postal Service Agency's ("USPS," and together with Dejoy, "Defendants") motion to dismiss (D.E. 8 ("Motion")) Counts II and III in Plaintiff Maria J. Rodriguez's ("Plaintiff") Complaint (D.E. 1 ("Complaint")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and this Court having reviewed the parties' submissions and the Complaint for sufficiency pursuant to Rule 12(b)(6); and

**WHEREAS** this case arises from the Defendants' failure to accommodate—and subsequent termination of—Plaintiff after she broke her foot while walking to work. From approximately January 18, 2022, until March 23, 2022, Plaintiff was employed as a postal worker at USPS. (D.E. 1 ¶¶ 4, 10.) For most of her short employ, Plaintiff performed satisfactory work. (*Id.* ¶ 13.) On or about March 7, 2022, however, she fell on her way to work and fractured her foot. (*Id.* ¶ 18.) Notwithstanding the injury, Plaintiff walked to work—ten to twelve blocks away—and informed one of her supervisors, Marcos Ortiz ("Ortiz"). (*Id.* ¶¶ 19–20.) In turn, Ortiz told Plaintiff to report her injury to the facility manager ("Manager"). (*Id.* ¶ 21.) So she did. (*Id.*

¶ 22.) According to the Complaint, the Manager "begrudgingly stat[ed] that [Plaintiff] would only have to work three hours that day," but Plaintiff was in fact given work that would take her far longer than three hours to complete. (*Id.* ¶¶ 23, 25.) As Plaintiff fulfilled her duties throughout that day, she complained of pain and requested to go to a hospital to receive immediate medical attention. (*Id.* ¶¶ 28–29.) Plaintiff's complaints of pain and appeals for medical treatment were met only with her supervisor's anger and accusations of laziness, and by the end of her workday on March 7, 2022, she had worked for 11 hours. (*Id.* ¶¶ 27–31, 35.) In the ensuing days, Plaintiff—after informing the USPS via the appropriate channels—did not go to work and sought a diagnosis for her injury. (*Id.* ¶¶ 37–39, 42, 44.) On March 8, 2022, doctors at the Clara Maass Medical Center Emergency Department diagnosed Plaintiff with a foot drop and a fractured metatarsal, and on March 11, 2022, a podiatrist, Ali Saleh ("Dr. Saleh"), informed Plaintiff that she needed to undergo surgery. (*Id.* ¶¶ 40, 45.) Dr. Saleh also gave Plaintiff a medical note instructing that she be given medical leave for three months to fully recover from her surgery. (*Id.* ¶¶ 45–46.) Plaintiff sent this medical information to Ortiz via email and therein wrote, "Should there be information I need to know or if you need further information please contact me asap." (*Id.* ¶¶ 46–47.) Although Plaintiff confirmed that Ortiz received the medical note and forwarded it to the Manager, she never received a response regarding her request for medical leave. (*Id.* ¶¶ 48–50.) On March 23, 2022, Plaintiff was terminated for being "absent without official leave," and on April 9, 2022, Plaintiff received a Notification of Personnel Action, which allegedly stated that she had "resigned" instead of had been "terminated." (*Id.* ¶¶ 54, 65); and

      **WHEREAS** on July 12, 2023, Plaintiff filed the instant Complaint alleging claims under the Rehabilitation Act ("RA"), 29 U.S.C. § 794 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (*See generally* D.E. 1.) On November 8, 2023, Defendants

moved to dismiss only Counts II and III of the Complaint. (D.E. 8.) The parties timely completed briefing. (D.E. 8, 11, 12); and

**WHEREAS** an adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"); and

**WHEREAS** in considering a motion to dismiss pursuant to Rule 12(b)(6), a district court must conduct a three-step analysis. First, it must "tak[e] note of the elements a plaintiff must plead to state a claim." *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (alteration in original) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). Second, the court "disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Id.* (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). Third, the court assumes the veracity of all well-pleaded factual allegations, "constru[es] them in the light most favorable to the plaintiff, and draw[s] all reasonable inferences in the plaintiff's favor." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022). "If, after completing this process, the complaint alleges 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements of a claim, then it plausibly pleads a claim." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 556). If, however, the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); and

**WHEREAS** before turning to its analysis of Count II, this Court notes that Plaintiff has "voluntarily withdraw[n]" Count 3—her FLSA claim. (D.E. 11 at 5.) Accordingly, Count III will be dismissed with prejudice; and

**WHEREAS** Plaintiff adequately alleges a retaliation claim (Count II) that is distinct from her failure to accommodate claim (Count I). To state a claim for retaliation under the RA, a plaintiff must allege the following elements: (1) she engaged in conduct protected by the RA, (2) the employer took an adverse action against her, and (3) there was a causal link between her protected conduct and the employer's adverse action. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (collecting cases). Here, Plaintiff asserts that she requested accommodations—*i.e.*, three months of medical leave—and that, after she did so, the USPS failed to address her request and then terminated her for failing to show up to work in the interim. (D.E. 1 ¶¶ 45–50, 54.) Those allegations, and the reasonable inferences that can be drawn therefrom, are sufficient to state a retaliation claim under the RA; and

**WHEREAS** Defendants' argument that Plaintiff's retaliation claim is duplicative of the failure to accommodate claim is premature. To be sure, Rule 8(d)(2) expressly permits plaintiffs to plead alternative claims, Fed. R. Civ. P. 8(d)(2), and at this nascent stage of the litigation, courts are generally hesitant to dismiss claims that "potentially ha[ve] something to add." *loanDepot.com v. CrossCountry Mortg., Inc.*, 399 F. Supp. 3d 226, 238 (D.N.J. 2019); *see also Doe v. Princeton Univ.*, No. 19-7853, 2020 WL 7383192, at *3 (D.N.J. Dec. 16, 2020). Here, the Complaint sufficiently distinguishes the two claims—it plausibly asserts that Defendants both (1) failed to

reasonably accommodate her request for medical leave and (2) retaliated against her for requesting medical leave.[1]  Consequently, Defendants' Motion is denied with respect to Count II[2]; therefore

Defendants' Motion (D.E. 8) is **GRANTED IN PART AND DENIED IN PART**. An appropriate order follows.

                                                     */s/ Susan D. Wigenton*
                                               **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
           Edward S. Kiel, U.S.M.J.

---

[1] Defendants point out that the Third Circuit has stated that a "failure to accommodate . . . claim cannot be characterized as a retaliation claim under the ADA." *Pagonakis v. Exp. LLC*, 315 F. App'x 425, 431 (3d Cir. 2009). The procedural posture of that case—as well as a significant majority of the non-binding cases that Defendants cite—is wholly different from the instant action. *Id.* (summary judgment); *Semcheski v. Cunningham Lindsey U.S., Inc.*, No. 16-1592, 2018 WLO 3417219, at *2 (M.D. Pa. July 13, 2018) (summary judgment); *Malas v. Hinsdale Twp. Dist. #86*, No. 15-10490, 2019 WL 2743590, at *27 (N.D. Ill. July 1, 2019) (summary judgment); *Minus v. Miami-Dade Cnty.*, No. 19-25113, 2021 WL 1318384, at *3 (S.D. Fla. Apr. 8, 2021) (summary judgment).  While in an appropriate case, the factual allegations may entirely overlap such that a court could dismiss claims as duplicative on a motion pursuant to Rule 12(b)(6), this is not such a case.  In sum, Defendants' argument is premature, and it may be renewed at a later time for this Court's consideration.

[2] To the extent Plaintiff's retaliation claim is based on Defendants' alleged misrepresentation on the Notification of Personnel Action, the claim is dismissed without prejudice.  Though a retaliation claim may arise from post-employment acts, the harm must be more than "trivial," "petty slights," or "minor annoyances."  *Moore v. City of Philadelphia*, 461 F.3d 331, 346 (3d Cir. 2006).  Here, Plaintiff asserts that the post-termination notice indicated that she "resigned" rather than was terminated and this mischaracterization, she insists, caused her some amorphous damages.  These allegations are insufficient because they fail to identify what, if any, concrete harm Plaintiff experienced as a result of this characterization in the notice.